

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5296 | **DATE** | 10/18/2002 |
| **CASE TITLE** | Kozlowski vs. Fry | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. It is hereby ordered that Defendants' Motion to Dismiss Count VI of the Second Amended Complaint be, and the same hereby is, **GRANTED.** AK

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 21 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 86 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| | | | date mailed notice | | |
| AC | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAMILLE KOZLOWSKI, DARLENE )
WILLIAMS, SUSAN HORN, VICKI )
ROGERS, MOSES COLLINS, MARC )
MILLER AND KENNETH FLETCHER, )
)
        Plaintiffs, )
) No. 00 C 5296
)
v. )
) Magistrate Judge
RITA FRY, in her official capacity ) Arlander Keys
as Cook County Public Defender, )
COUNTY OF COOK, )
)
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Count VI of Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' Motion is granted.

**PROCEDURAL HISTORY**

Plaintiffs are employees of the Cook County Public Defender's Office. Plaintiffs filed charges of employment discrimination with the Equal Employment Opportunity

1





Commission ("EEOC") and subsequently received right to sue letters. On August 29, 2000, Plaintiffs filed suit against Rita Fry, in her official capacity as Cook County Public Defender, and the County of Cook (collectively "Cook County"), alleging pay discrimination based on sex or gender. Plaintiffs filed a Second Amended Complaint on March 29, 2002, which added Count VI, the subject of this opinion, alleging a violation of a settlement agreement reached in the case of Rhodes v. County of Cook, No. 84 C 511. On April 19, 2002, Cook County filed a motion to dismiss Count VI, alleging that Plaintiffs' pleading failed to state a claim upon which relief can be granted. On July 17, 2002, the Court granted Plaintiffs' motion for leave to file a Surreply.

**FACTUAL BACKGROUND**

Plaintiffs Camille Kozlowski, Darlene Williams, Susan Horn, Vicki Rogers, Moses Collins, Kenneth Fletcher, and Marc Miller are employed as supervisors in the Cook County Public Defender's Office, which is headed by Defendant Rita Fry. (Second Amended Complaint ¶¶ 2-9).

The present dispute began on March 24, 2000, when Plaintiffs filed an internal complaint within the Public Defender's Office, alleging sexual discrimination with

regard to promotions and salary. (*Id.* ¶¶ 26-30). A meeting was held on April 10, 2000, pursuant to their complaint, wherein Public Defender Rita Fry allegedly acknowledged unintentional discrimination. (*Id.* ¶¶ 27-28). After that meeting, Plaintiffs purport that three women were suddenly promoted to higher pay grades. (*Id.* ¶29).

Apparently dissatisfied with this response, Plaintiffs filed charges with the EEOC, setting forth claims of sexual discrimination in hiring and promotion within the office. (*Id.* ¶46). They received right to sue letters from the EEOC and filed suit shortly thereafter. (*Id.*).

During the course of discovery, Plaintiffs learned of a settlement agreement between some of the current Plaintiffs and Defendants, reached in the case of *Rhodes v. County of Cook* (84 C 511).[1] On March 29, 2002 Plaintiffs filed a Second Amended Complaint,[2] adding allegations that

---

[1] The Court finds it curious that Plaintiffs became aware of Defendants' purported breach of the settlement agreement during the discovery process in the instant case. One would think that parties to settlement agreements would be continually aware of the opposing party's obligations, especially if such obligations were to be ongoing, as Plaintiffs claim.

[2] Plaintiffs complain that Cook County has willfully violated: (1) their right to be free from discrimination based on sex or gender in employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq.; 42 U.S.C. §1983; and the Equal Pay Act 29 U.S.C. 206(d); (2) the consent decree in *Shakman v. Democratic Org. of Cook County, Ill.*, 569 F.Supp. 177 (N.D.Ill. 1983); (3) their equal protection right to be free from arbitrary and capricious governmental decision

3

Defendants breached the *Rhodes* settlement agreement (hereinafter *Rhodes* Settlement), which constitutes a cause of action warranting relief. (*Id.* ¶¶ 63-68). Plaintiffs attached the *Rhodes* Settlement Agreement and Judge Duff's Order dismissing the *Rhodes* case to their Second Amended Complaint.

Plaintiffs assert that the *Rhodes v. County of Cook* (84 C 511) lawsuit, in which Defendant Rita Fry participated as a plaintiff, embodies facts and circumstances paralleling the instant case. Plaintiffs claim that the *Rhodes* Settlement required the Cook County Public Defender to: (1) inform employees of protected groups of job openings; (2) adopt and maintain an objective evaluation system for all Assistant Cook County Public Defenders; (3) maintain job descriptions within the Office; and (4) adopt and maintain objective procedures for promotion and assignment. (*Id.* ¶¶ 64-66).

Plaintiffs maintain that the *Rhodes* Settlement Agreement imposed ongoing duties on Defendants, and that Defendants' failure to comply with the settlement agreement caused damages. (*Id.* ¶¶ 65-68). Plaintiffs note that, in

---

making; and (4) the settlement agreement reached in *Rhodes v. Bd. of Commissioners of Cook County.* (Second Amended Complaint ¶1).

4

his order dismissing the case, Judge Duff expressly stated that the court was retaining jurisdiction to enforce the terms of the *Rhodes* Settlement Agreement.

In Count VI, Plaintiffs reallege Counts I through V. The Court will briefly outline the allegations that Plaintiffs profess in Counts I through V. In Count I, Plaintiffs claim that Cook County failed to maintain an objective and non-discriminatory system for hiring, evaluating, and promoting female supervisory lawyers. (*Id.* ¶ 47). Plaintiffs assert this caused discrimination based on sex, in violation of Title VII of the Civil Rights Act of 1964. (*Id.*).

Next, Plaintiffs assert that Defendants acted under color of law in denying equal opportunity in employment on the basis of gender, violating 42 U.S.C. §1983. (*Id.* ¶49). Similarly, in Count III, Plaintiffs accuse Defendants of violating the Equal Pay Act, 29 U.S.C. 206(d), by paying females less than their male counterparts, who perform work with equal skill, effort, and responsibility, because of their sex. (*Id.* ¶¶ 52-53).

Plaintiffs also assert that their employment status is covered by the *Shakman*[3] consent decree, and that the failure

---
[3] *Shakman v. Democratic Org. of Cook County, Ill.*, 569 F. Supp. 177 (N.D.Ill. 1983).

5

to provide notice of promotional opportunities violated the notice provisions decreed therein. (*Id.* ¶¶ 55-57). Plaintiffs believe that only Public Defender Rita Fry is "exempt" under the *Shakman* consent decree. (*Id.* ¶ 58). Plaintiffs avow that Cook County Public Defender Rita Fry and Cook County Board President John Stroger intentionally exercise standardless discretion in both supervisory hirings and promotions, and that their arbitrary and capricious conduct causes intentional disparate treatment of Plaintiffs and those similarly situated. (*Id.* ¶¶ 61-62).

Finally, in Count V, Plaintiffs claim that the lack of written communicated job criteria and notice of promotional opportunities results in intentional, standardless discretion, the upshot of which is an arbitrary and capricious work environment. (*Id.* ¶¶ 61-62). This irrational environment, Plaintiffs allege, violates Equal Protection under the Fourteenth Amendment. (*Id.*)

### STANDARD OF REVIEW

In reviewing Defendants' Motion to Dismiss Count VI, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all well-pled factual allegations in the Complaint as true, making all permissible inferences in the non-movant's favor. *Gonzalez v. City of Chicago*, 239 F.3d 939, 940 (7th Cir. 2001). Defendants'

Motion to Dismiss tests the sufficiency of the Complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will dismiss Count VI only if "it appears beyond doubt that [Plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Colfax Corp. v. Ill. State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). The Court, however, need not strain to find inferences favorable to the Plaintiffs that are not apparent on the face of the Complaint. *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977).

**ANALYSIS**

This Opinion concerns only Defendants' Motion to Dismiss Count VI of the Second Amended Complaint, alleging violation of the *Rhodes* Settlement Agreement reached in the case of *Rhodes v. County of Cook* (84 C 511). This settlement agreement, on its face, is the final resolution of a dispute between the named *Rhodes* plaintiffs and Cook County.

Plaintiffs contend that the *Rhodes* Settlement Agreement created an ongoing obligation for Defendants, akin to the court adjudicated Consent Decree reached in *Shakman*, which purportedly freed "government employees from all coercion and employment discrimination based on political

7

considerations." *Shakman v. Democratic Org. of Cook County*, 569 F. Supp. 177, 178 (N.D. Ill. 1983).

The Court must first determine whether federal jurisdiction attaches to the enforcement of a settlement agreement, which was reached in a case that was dismissed with prejudice, despite language that may be construed as maintaining jurisdiction.

### Enforcement of Settlement Agreements by Federal Courts

In dismissing the *Rhodes* case more than fifteen years ago, Judge Duff issued a brief order, which did not incorporate the settlement agreement. Although the court purported to maintain jurisdiction for the purpose of enforcing the settlement agreement, Judge Duff dismissed the case with prejudice. The order, in full, provides:

> By agreement, this case is **dismissed with prejudice,** although the court retains jurisdiction for the purpose of enforcing the settlement agreement. If the parties are unable to agree on attorneys' fees and costs, the case may be reinstated within 30 days, solely for the purpose of adjudicating attorneys' fees and costs. The terms and content of the settlement are to remain confidential, and are not to be disclosed.

*Rhodes v. County of Cook,* (84 C 511), slip opinion, Dismissal Order (N.D. Ill. Jan. 28, 1987) (emphasis added).

Jurisdiction to enforce the terms of a settlement

agreement is not automatic. The United States Supreme Court has instructed that federal courts retain jurisdiction to enforce settlement agreements only if: (1) the dismissal order incorporates the terms of the settlement agreement; or (2) the court expressly retains jurisdiction over the enforcement of the settlement agreement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82 (1994).

Because the *Rhodes* Settlement Agreement was not embodied in the *Rhodes'* dismissal order, the Court examines the *Rhodes* court's profession to retain jurisdiction, to determine whether this Court has the authority to enforce the agreement.

Earlier this year, the Seventh Circuit further refined the "retention of jurisdiction" prong of the *Kokkonen* test, by stating that a court loses jurisdiction to enforce a settlement agreement if the underlying lawsuit is dismissed with prejudice. *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("[O]nce a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind the dismissal.").

The Seventh Circuit reiterated its position less than two weeks later in *Lynch, Inc. v. SamataMason*, 279 F.3d 487 (7th Cir. 2002). In *Lynch*, the parties participated in settlement discussions before the trial court, which were

9

neither reported nor transcribed. Although the parties agreed that a settlement had been reached, they disputed certain material terms. 279 F.3d at 488. The trial court directed the parties to submit competing proposed settlement agreements, and ultimately ruled that the defendant's version accurately reflected the terms of the agreement. *Lynch,* 279 F.3d at 489. The plaintiff refused to execute the defendant's version of the settlement agreement, whereupon the trial court dismissed the litigation with prejudice, but retained jurisdiction to enforce the terms of the settlement agreement. Plaintiff appealed, arguing that the trial court lacked the authority to rule that the case had been settled on the basis of settlement discussions alone.

Before directly addressing the plaintiff's complaint, the Seventh Circuit noted that the trial court's purported retention of jurisdiction was without significance. *Id.* The Seventh Circuit explained that, because the court dismissed the entire case with prejudice, it lacked the jurisdiction to subsequently enforce the terms of the settlement agreement:

> A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been

>     dismissed with prejudice), is enforced just like
>     any other contract.

*Id.* (citing *Kokkonen* and *Jessup*).

The *Lynch* court did not embody the terms of the settlement agreement in its dismissal order, and it dismissed the case with prejudice. Therefore, despite the court's attempt to retain jurisdiction, federal jurisdiction did not exist to enforce the settlement agreement. Absent diversity of citizenship, the Seventh Circuit proclaimed enforcement of the agreement was a state court claim. *Id.*

Similarly, following the signing of the *Rhodes* Settlement agreement, Judge Duff dismissed the lawsuit with prejudice. Judge Duff stated, "By agreement, this case is dismissed with prejudice, although the court retains jurisdiction for the purpose of enforcing the settlement agreement." In so doing, Judge Duff relinquished the power to subsequently enforce the terms of the settlement agreement, despite Judge Duff's statement that the court was retaining jurisdiction to enforce the agreement. As in *Lynch,* the purported retention of jurisdiction is without significance. The Seventh Circuit has declared that federal jurisdiction does not apply to enforce a settlement agreement when the case is dismissed with prejudice, unless it is embodied in a consent decree or other judicial order.

11

Unless there is some other basis for federal jurisdiction, Count VI is a state law claim, even though the *Rhodes* Settlement was the result of a federal lawsuit. *Lynch*, 279 F.3d at 489. Plaintiffs assert no alternative basis of jurisdiction. Therefore, Count VI must be dismissed.

## CONCLUSION

Accordingly, for the reasons set forth above, the Defendants' Motion to Dismiss Count VI of the Second Amended Complaint is granted.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count VI of the Second Amended Complaint be, and the same hereby is, **GRANTED**.

DATED: October 18, 2002     ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge